UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-81113-CV-ALTMAN
MAGISTRATE JUDGE REID

JARVIS JACKSON,

      Petitioner,

v.

STATE OF FLORIDA,
et al.,

      Respondent.

_____/

## REPORT OF MAGISTRATE JUDGE

### I. Introduction

The *pro se* petitioner, Jarvis Jackson, a convicted state felon, has filed an petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction and sentence for second-degree murder with a firearm and attempted second-degree murder with a firearm, following a jury verdict in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County **Case No. 2009CF001912**.[1] [ECF No. 1].

This Cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B), (C); S.D. Fla. Admin. Order 2019-2; and the

---

[1] *See* online trial docket now a permanent part of the record.

Rules 8(b) and 10 Governing Section 2254 Cases in the United States District Courts.

The Court reviewed the petition [ECF No. 1] together with the online state court criminal docket[2] ("Online Trial Docket"[3]), certain documents contained therein[4], as well as the relevant online appellate docket of the Fourth District Court of Appeals ("Fourth DCA"). The Court did not issue an order to show cause to the State because the instant matter is clearly TIME-BARRED.

## II. Claims

Construing the § 2254 petition liberally as afforded *pro se* litigants, pursuant to *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Petitioner raises two claims alleging:

1. The State failed to disclose post-arrest statements made by Tyrone Frederick that contradicted the testimony he gave at Petitioner's trial, the existence of favorable treatment in exchange for his testimony in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). Petitioner did not become aware of this violation until the close of his trial. [ECF No. 1 at 5].

2. Counsel was ineffective because the public defender's office had conflicts of interest in its representation of Petitioner. [*Id.* at 6-8]. Tyrone Frederick was also represented by the public

---

[2] The Court may take judicial notice of its own records. *See* Fed. R. Evid. 201; *see also, United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) (finding the district court may take judicial notice of the records of inferior courts). The court also takes judicial notice of its own records in habeas proceedings, *McBride v. Sharpe*, 25 F.3d 962, 969 (11th Cir. 1994), *Allen v. Newso*me, 795 F.2d 934, 938 (11th Cir. 1986). These documents are a permanent part of the instant record and are located at ECF No. ___.

[3] The Online Trial Docket is located in the instant record at ECF No. ___.

[4] This Report uses the citation "OTD #___" when referencing docket entries of the state's trial docket.

defender's office in an unrelated case. [*Id*. at 7]. The public defender's office also represented other defendants including Sherwood Joseph and Petitioner's brothers. [*Id*.].

Petitioner seeks an evidentiary hearing and asks the Court to vacate his conviction and sentence. [*Id*. at 8-9]. Petitioner does not address the timeliness of his petition and makes no assertions that he is entitled to equitable tolling.

### III. Procedural History

Nearly five years ago, on July 31, 2015, a jury convicted Petitioner of three counts of second-degree murder with a firearm and one count of attempted second-degree murder with a firearm. [OTD #407]. Petitioner was sentenced on August 3, 2020. [OTD #414, 416, 418, 420]. The next day, Petitioner appealed to the Fourth DCA in Case No. 4D15-2977. [OTD #497, 505]. On **April 26, 2018**, the appellate court affirmed Petitioner's conviction and sentence, *per curiam* and without written opinion. *Jackson v. State of Florida*, 244 So. 3d 278 (Fla. 4th DCA 2018). Petitioner did not seek discretionary review from the Florida Supreme Court. The time for doing so expired thirty days after the appellate court's affirmance of Petitioner's conviction, or no later than May 26, 2018.[5] Because he did not seek discretionary review from the Florida Supreme Court, Petitioner is not entitled to an additional ninety days to seek a writ of certiorari in the Supreme Court of the United States.

---

[5] Pursuant to Fla. R. App. P. 9.120(b), a motion to invoke discretionary review must be filed within thirty days of rendition of the order to be reviewed.

*Gonzalez v. Thaler*, 565 U.S. 134 (2012).[6] *See also* Sup. Ct. R. 13. Therefore, at the earliest, Petitioner's conviction was final on May 26, 2018. However, assuming without deciding that Petitioner were entitled to appeal to the Supreme Court of the United States, then, alternatively, his conviction would become final ninety days later, on **July 25, 2018**, when the time to appeal to the Supreme Court of the United States expired. Petitioner had only one year to file a federal habeas petition pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA") -- no later than **July 25, 2019**, absent any tolling motions. For purposes of this Report, the undersigned utilizes the later date because, even when giving Petitioner this additional time, this federal petition remains time-barred.

After the Fourth DCA affirmed Petitioner's conviction, he filed nothing further in the state court. Petitioner waited a total of **<u>708 days</u>**, until **July 2, 2020**,

---

[6] In applying *Gonzalez* to this case, Petitioner is not entitled to the ninety-day period for seeking certiorari review with the Supreme Court of the United States because after his judgment was affirmed on direct appeal, he did not attempt to obtain discretionary review by Florida's state court of last resort -- the Florida Supreme Court -- nor did he seek rehearing with the appellate court. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that conviction becomes final upon expiration of time for seeking direct review); *Jimenez v. Quarterman*, 555 U.S. 113, 118-21 (2009) (explaining the rules for calculating the one-year period under § 2244(d)(1)(A)). *See also Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."); *Chavers v. Sec'y, Fla. Dep't. of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006) (*per curiam*) (holding that one-year statute of limitations established by AEDPA began to run ninety days after Florida appellate court affirmed habeas petitioner's conviction, not ninety days after mandate was issued by that court). Accordingly, where a state prisoner pursues a direct appeal but does not pursue discretionary review in the state's highest court after the intermediate appellate court affirms his conviction, the conviction becomes final when time for seeking such discretionary review in the state's highest court expires. *Gonzalez, supra*.

before initiating the instant case. [ECF No. 1]. Petitioner presents no excuses for his delay in filing the instant federal petition.

## IV. Discussion-Timeliness

### A. General Principles of Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. *See Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998) (*per curiam*). The AEDPA imposed for the first time a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners. *See* 28 U.S.C. § 2244(d)(1). Specifically, the AEDPA provides that the limitations period shall run from the latest of —

    A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;

    C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1).

Here, as narrated above, in the underlying case, Petitioner's conviction became final on **July 25, 2018**. Petitioner filed no motion in state court that properly tolled the limitations period. By **July 2, 2020**, when Petitioner filed the instant federal habeas petition, **<u>708 days</u>** had passed since his conviction became final. Accordingly, this petition should be dismissed as time-barred.

### B. Statutory Tolling Under § 2244(d)(1)(A)

Although AEDPA establishes a one-year limitations period for filing § 2254 motions, the limitations period is tolled, however, for "[t]he time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Consequently, this petition is time-barred, pursuant to 28 U.S.C. § 2244(d)(1)(A), unless the appropriate limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. *See* 28 U.S.C. § 2244(d)(2).

An application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). Consequently, if the petitioner sat on any claim or created any time gaps in the review process, the one-year clock

would continue to run. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013).

Petitioner did not litigate any criminal motions in state court after his conviction became final. Ultimately, he waited nearly two years before initiating the instant habeas proceeding. [ECF No. 1]. Once the limitations period expires, it cannot be revived. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004).

### D. Equitable Tolling

Petitioner also has not claimed that equitable tolling of the statute of limitations is warranted. The one-year limitations period set forth in § 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has established a two-part test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevent timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *Holland v. Florida*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also, Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) (*per curiam*) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances that are both beyond his control and unavoidable with diligence" and this high hurdle will not be easily surmounted).

"The diligence required for equitable tolling purposes is reasonable diligent, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (citation and quotation marks omitted). Determining whether a circumstance is extraordinary "depends not on 'how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'" *Cole*, 768 F.3d at 1158 (quoting *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008)). Further, a petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (citing *Lawrence v. Fla.*, 421 F.3d 1221, 1226-27 (11th Cir. 2005)).

The record reveals that Petitioner did nothing in state court to litigate his claims after his conviction became final. Here, he has not established any fact to support a finding that he is "entitled to the rare and extraordinary remedy of equitable tolling" for the time wasted and the absence of filing any proper post-conviction motion between the time his conviction became final and the filing of the instant habeas petition. *See San Martin v. McNeil,* 633 F.3d at 1271. As a result of Petitioner's failure to properly and diligently pursue his rights, he has failed to demonstrate that he qualifies for equitable tolling of the limitations period.

Because this habeas corpus proceeding instituted on July 2, 2020, is untimely, Petitioner's claim challenging the lawfulness of his conviction and judgment is now time-barred pursuant to 28 U.S.C. § 2244(d)(1)-(2).

### E. Fundamental Miscarriage of Justice/Actual Innocence

No fundamental miscarriage of justice will result if the court does not review on the merits Petitioner's grounds for relief raised herein. The law is clear that a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson*, 353 F.2d at 892.

As a threshold matter, the Eleventh Circuit has never held that Section 2244(d)'s limitations period carries an exception for actual innocence; and it has declined to reach the issue whether the absence of such an exception would violate the Constitution. *See Taylor v. Sec'y, Dep't of Corr.*, 230 F. App'x. 944, 945 (11th Cir. 2007) (*per curiam*) ("[W]e have never held that there is an 'actual innocence' exception to the AEDPA's one-year statute of limitations, and we decline to do so in the instant case because [the petitioner] has failed to make a substantial showing

of actual innocence."); *Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1218-19 (11th Cir. 2000) (*per curiam*) (leaving open the question whether the § 2244 limitation period to the filing of a first federal habeas petition constituted an unconstitutional suspension of the writ). *But cf. United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2000) ("Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by appellant's failure to timely file his § 2255 motion."). However, several other circuits have recognized such an exception. *See, e.g., Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005); *Flanders v. Graves*, 299 F.3d 974 (8th Cir. 2002).

Even if there were an "actual innocence" exception to the application of the one-year limitations provisions of § 2244, the Court would still be precluded from reviewing the claims presented in the instant petition on the merits. "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328 (1995)." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "[T]he *Schlup* standard is demanding and permits review only in the "'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006).

Courts have emphasized that actual innocence means factual innocence, not mere legal insufficiency. *Id.*; *see also High v. Head*, 209 F.3d 1257 (11th Cir. 2000); *Lee v. Kemna*, 213 F.3d 1037, 1039 (8th Cir. 2000); *Lucidore v. New York State Div.*

10

*of Parole*, 209 F.3d 107 (2d Cir. 2000) (*citing Schlup v. Delo*, 513 U.S. at 299; *Jones v. United States*, 153 F.3d 1305, 1308 (11th Cir. 1998) (holding that appellant must establish that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him). *See also Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2d Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). To be credible, a claim of actual innocence requires the petitioner to "support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. at 324.

Here, assuming, without deciding, that a claim of actual innocence might support equitable tolling of the limitation period, notwithstanding, Petitioner has failed to make a substantial showing of "actual innocence" of the crimes for which he was found guilty following a jury trial and the appellate court's affirmation of his conviction. *Jackson v. State of Florida*, 244 So. 3d 278 (Fla. 4th DCA 2018).

On the record before this court, no fundamental miscarriage of justice will result by time-barring the claims raised in this habeas proceeding. Petitioner's conviction rests on the verdict of the jury. In other words, Petitioner has not presented sufficient evidence to undermine the Court's confidence in the outcome

of his criminal proceedings sufficient to show that a fundamental miscarriage of justice will result if the claims are not addressed on the merits.

Here, because Petitioner is not demonstrating actual, factual innocence, his claim warrants no habeas corpus relief. *See e.g., Scott v. Duffy*, 372 F. App'x 61, 63-64 (11th Cir. 2010) (*per curiam*) (rejecting habeas petitioner's actual innocence claim where no showing made of factual innocence of aggravated assault underlying his probation revocation and instead merely cited to evidence from probation revocation hearing and argued it did not support revocation of probation); *see also, Bousley v. United States*, 523 U.S. at 623.

Consequently, under the totality of the circumstances present here, this federal petition is NOT TIMELY and should be dismissed.

## V. Evidentiary Hearing

Based upon the foregoing, any request by Petitioner for an evidentiary hearing on the merits of any or all of his claims should be denied since the habeas petition can be resolved by reference to the state court record. 28 U.S.C. § 2254(e)(2); *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (holding that if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing). *See also Atwater v. Crosby*, 451 F.3d 799, 812 (11th Cir. 2006) (addressing the petitioner's claim that his requests for an evidentiary hearing on the issue of trial counsel's effectiveness during the

12

penalty phase of his trial in both the state and federal courts were improperly denied, the court held that an evidentiary hearing should be denied "if such a hearing would not assist in the resolution of his claim."). Petitioner has failed to satisfy the statutory requirements in that he has not demonstrated the existence of any factual disputes that warrant a federal evidentiary hearing.

## VI. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability (COA) to do so. 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009).

This Court should issue a COA only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Alternatively, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

After review of the record, Petitioner is not entitled to a certificate of appealability. Nevertheless, as now provided by the Rules Governing § 2254 Proceedings, Rule 11(a), 28 U.S.C. § 2254: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the District Court Judge in the objections permitted to this report and recommendation.

## VII. Recommendations

Based upon the foregoing, it is recommended that this petition for habeas corpus relief be DISMISSED AS TIME-BARRED, that no certificate of appealability issue, and that the case be closed.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to do so will bar a *de novo* determination by the District Court Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 149 (1985).

SIGNED this 4th day of September, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:    Jarvis Jackson

14

72761-004
Pollock-USP
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 2099
Pollock, LA 71467
PRO SE

Noticing 2254 SAG Broward and North
Email: CrimAppWPB@MyFloridaLegal.com