UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-81113-CIV-ALTMAN/Reid

**JARVIS JACKSON**,

 *Plaintiff*,

v.

**CHRISTOPHER MCCONNELL**, *et al*,

 *Defendants*.

_____/

**ORDER**

  On July 2, 2020, the *pro se* Plaintiff, Jarvis Jackson ("Jackson"), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, claiming that he was being held in violation of the U.S. Constitution. *See* Petition [ECF No. 1]. On September 4, 2020, U.S. Magistrate Judge Lisette M. Reid issued a Report and Recommendation ("Report" or "R&R") [ECF No. 7], in which she suggested that Jackson's petition be dismissed as time-barred. *See* R&R at 14. In that Report, Magistrate Judge Reid warned Jackson that "[o]bjections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to do so will bar a de novo determination by the District Court Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 149 (1985)." *Id*. As of this writing, no objections to the Report have been filed—and the time for objecting has passed.

  When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only when objections have been properly filed—and not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The Court has reviewed the Report, the Complaint, the record, and the applicable law and finds no clear error in the Report. Accordingly, the Court hereby

**ORDERS AND ADJUDGES**

1. The Petition [ECF No. 1] is **DENIED**.
2. The R&R [ECF No. 7] is **ADOPTED in full**.
3. Jackson's request for a certificate of appealability is **DENIED**.
4. Jackson's request for an evidentiary hearing is **DENIED**.
5. The Clerk of Court shall **CLOSE** this case.
6. All other pending motions are **DENIED as moot**.
7. All pending deadlines and hearings are **TERMINATED.**

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 28th day of September 2020.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: Jarvis Jackson, *pro se*